## Monroe Smith *v.* Frank H. Elder, Appellant.

*Affidavit of defense—Fraud—Money intrusted to another for investment.*

In an action of assumpsit plaintiff averred that he had loaned defendant $2,500, for which he was to have an interest in a fiber patent as security; that he had had the records of the patent office examined, and found that the number of the patent transferred to him by defendant was not for a fiber patent, but was for another invention in which defendant had no interest. Plaintiff also averred that he had advanced $5,000 to defendant for the purpose of investment by defendant, but that defendant had not invested the same, and had wrongfully and fraudulently appropriated the same to his own use. Plaintiff also averred that he had advanced $1,000 to defendant who was to purchase for plaintiff an interest in a certain patent, naming it, but that defendant had not invested the money in the patent, and had appropriated the money to his own use. Defendant filed an affidavit of defense in which he admitted receiving the loan of $2,500, but averred that the number of the patent referred to by plaintiff was the application number, and that a fiber patent had been issued to defendant and that the same had been assigned to plaintiff, and the assignment duly recorded in the patent office. Defendant also admitted receiving the sums of $5,000 and $1,000, but averred that he had invested the said sums, giving dates and amounts of several payments made on account of the investments, and averring that plaintiff had full knowledge of the whole transaction, and that the investments were made with his approval and consent. *Held,* that the affidavit of defense was sufficient to prevent judgment.

Argued April 4, 1895. Appeal, No. 266, Jan. T., 1894, by defendant, from order of C. P. No. 3, Phila. Co., Sept. T., 1894, No. 627, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on promissory notes, and for money had and received.

Plaintiff in his statement averred that on June 4, 1891, he loaned to plaintiff twenty-five hundred dollars on a promissory note, taking as security the following assignment of a patent:.

"PHILADELPHIA, June 4, '91.

"I hereby transfer to Monroe Smith, Esq., of 3805 Locust Street, my right, title and interest in United States Letters Patent No. 382,609, (Fibre Patent) as security for the payment of my personal note for twenty-five hundred dollars ($2,500), at three months due September 4th–7th, 1891.

"F. H. ELDER."

In reference to this assignment plaintiff averred as follows:

"And the plaintiff further says that he has caused the records of the patent office at Washington, D. C., to be examined, and that the letters patent No. 382,609 are not and were not for a fiber patent, but are for a patent issued May 8, 1888, to Charles W. F. Holbrook, Newark, N. J., for dental abrading disk. And the plaintiff says that said defendant had not at the time he obtained said loan of $2,500 any ownership or interest in said patent No. 382,609, and has not since had, and has not now any ownership or interest in said letters patent No. 382,609."

Plaintiff also claimed to recover on a promissory note $50.00, dated Oct. 17, 1892.

Plaintiff also averred that on May 20, 1890, he had advanced to defendant the sum of $5,000 upon the oral promise of defendant to invest the said sum in something that would pay, and that he and defendant would divide the profits; that defendant had not invested the said sum, but had wrongfully appropriated it to his own use.

In reference to this transaction, plaintiff averred as follows:

"And plaintiff further says that said defendant has admitted that he received the said sum of $5,000 for the purpose of investment, and acknowledged his indebtedness to the plaintiff for the same, as appears by a letter written by said defendant to said plaintiff on the first day of December, 1892, and received by said plaintiff, and which letter the said plaintiff has now in his possession, a true copy whereof is as follows:

"'December 1, 1892.

"'MONROE SMITH, Esq.

"'Dear Sir:—I called at your house this evening and was informed by the servant that you were not at home. I am very sorry not to have seen you. I want to do what I can to reimburse you for money loaned me for certain purposes of investment which I have up to this time been unable to pay back.

" ' You know the reason why I have not been able to do this up to this time.

" ' You also know that I never denied the fact that I am indebted to you, and never shirked my responsibility. You also know that by reason of the failure of these same investments I am to the amount of my indebtedness to you, just that much worse off than nothing.

" ' Do you not think it would be fair to give me a chance to reimburse you all that I can? It is a matter of much importance to a man of your position, financially, but of course not much to me. I am not very happy over this condition of affairs and do not believe you are the man to kick another when he is down. I will call on you to-morrow, Friday, evening if you will be at home. Will you not kindly let me know if it will be convenient to you?

" ' Sincerely,<br>" ' F. H. ELDER.'

" And the plaintiff further avers that shortly before the said letter of the said defendant, F. H. Elder, was written, the plaintiff asked the said defendant, Elder, how and where he had invested the said sum of $5,000, and he, the defendant, refused to state what investment he had made of the same, and acknowledged that he owed the said money to the plaintiff. That subsequently the defendant claimed that he had invested the said sum of $5,000 in one hundred shares of the capital stock of the Kennedy-Groswith Electric Company, a corporation organized under the laws of New Jersey.

" The pl intiff further avers that said allegation of the defendant is untrue.

" The plaintiff further avers that the defendant agreed on his own behalf and not for the plaintiff to purchase two hundred shares of the Kennedy-Groswith Electric Company from one C. W. Kennedy, on the seventh day of June, 1890, under the following agreement and receipt:

" ' PHILADELPHIA, June 7, '90.

" ' Rec'd of F. H. Elder, Five Hundred Dollars on account of investment of Five Thousand in my Electric Company.

" ' Terms of above investment of $5000—viz:

"'$ 500 in cash as above.
"' 500 " within 10 days.
"' 1000 " " 60 "
"' 3000 " " 90 "

"'On payment of the above amounts F. H. Elder will be entitled to two hundred shares or twenty thousand dollars of the capital stock of the aforesaid proposed company.

"'C. W. KENNEDY.'

"'If this is in any way connected with the investment which the defendant claims was made for the account of the plaintiff and defendant, the defendant never complied with the said agreement. That he, the defendant, subsequently paid in all $2,000 upon the said stock, but not for or on behalf of the plaintiff."

Plaintiff further averred that he had advanced the sum of $1,000 to be invested by defendant in an interest in certain patents owned by Charles F. Winkler; that defendant did not purchase said interest in patents, but had appropriated the money to his own use.

Defendant filed an affidavit of defense, a supplemental affidavit of defense, and a second supplemental affidavit of defense.

In his various affidavits of defense defendant admitted that he had received the loan of $2,500, but denied the assertion that he did not have an interest in the fiber patent. He averred that the number referred to in the writing was the application number, and that plaintiff was aware that it was not the number given to the issue patent which was 469,111, and that the assignment of said interest to defendant bears date Feb. 1, 1891, and was recorded April 14, 1892, in Liber Q, 45, page 339, of Transfers of Patents, and that he showed the recorded assignment to plaintiff.

Defendant admitted liability on the note for $50,00.

Defendant admitted that the sum of $5,000 had been advanced to him for investment. He averred that he did invest it in the purchase of one hundred shares of stock of the Kennedy-Groswith Electric Company, and that the investment was made with the full knowledge, consent and approval of the plaintiff, who was a subscriber to the stock of the company; and that subsequently the said stock was exchanged for an equal number of shares in another company, and this exchange was made

with the full knowledge, consent and approval of the plaintiff, and defendant was then the holder for the benefit and interest of the plaintiff and himself, of the said stock, giving the number of the certificate, and that he had frequently offered to, and was then and had ever been ready and willing to transfer the said stock to the plaintiff, but he had refused to accept such transfer. Defendant denied that he was indebted to the said plaintiff by reason of the said advance. In the second supplemental affidavit of defense filed by defendant, he set out the dates when the several sums which make up the said sum of $5,000 were paid.

He also denied that the receipt signed by C. W. Kennedy was a true and correct account of his agreement or transaction with Kennedy. He also denied that the letter which he wrote to plaintiff referred to the advance of $5,000, but averred that it referred to the loan of $2,500.

Defendant admitted that he had received the sum of $1,000 for investment, and averred that he had invested it in the purchase of an interest in certain patent rights, and used said interest with other interests for the foundation of a company, and secured for the plaintiff fifty shares of the stock of said company, and also secured enactment of resolutions of stockholders of the said company for the payment of the original purchase money expended for the said patent. He then gave the name of the company.and said that the fifty shares of stock were exchanged for an equal number of shares of stock in another company, and that the defendant was then the holder for the said plaintiff of the said fifty shares, and had ever been ready and willing to transfer them to the plaintiff, but he had refused to accept them. He denied that he offered to purchase a one fifth interest in said patents, and further said that all of the investments and changes, etc., were made with the full knowledge, consent and approval of the plaintiff. In his second supplemental affidavit of defense, defendant said that the said payment of $1,000 was made on April 20, 1892, by check for $1,000 on the Centennial National Bank, which check was duly presented and paid.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Allen H. Gangewer, Joseph W. Kenworthy* with him, for appellant, cited: Reilley v. Daly, 159 Pa. 605; Hebb v. Kittanning Ins. Co., 138 Pa. 174.

*Alfred Driver, J. Warren Coulston* with him, for appellee, cited: Haldane v. Fisher, 1 Yeates, 121; Miller v. Ord, 2 Binney, 386; Lee v. Gibsons, 14 S. & R. 111; Erie City v. Butler, 120 Pa. 374; Peck v. Jones, 70 Pa. 83; Hebb v. Ins. Co., 138 Pa. 179; Callan v. Lukens, 89 Pa. 134; Neal v. Vollrath, 24 W. N. C. 124; Endlich on Affidavits of Defense, 308, 315; Cumberland Building & Loan Assn. v. Brown, 4 W. N. C. 495.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 22, 1895:

We are all satisfied that the averments contained in the affidavits of defense are quite sufficient to carry this case to a jury. The learned court therefore erred in entering judgment against the defendant for want of a sufficient affidavit of defense.

Judgment reversed and a procedendo awarded.